## EMMONS v MONG, Auditor et, Etc

Ohio Appeals, 9th Dist, Summit Co

No 2298.  Decided April 12, 1934

Dwight G. Hay, Akron, for plaintiff.
Ray B. Watters, Prosecuting Atty., Akron, and Clyde B. MacDonald, Asst. Pros. Atty., Akron, for defendants.

## OPINION

By STEVENS, J.

The facts herein are substantially the same as set forth in the opinion in case No. 2282, V. D. Emmons and E. F. Emmons v J. C. Mong, Auditor et, etc., decided this day.  (See next preceding case).

The plaintiff, E. F. Emmons, is the successor in title of J. and A. Ewing, who were, on June 20, 1928, the owners of approximately 7¾ acres of land.  It is conceded that notice of the sewer improvement was duly mailed to J. and A. Ewing, of the intention to assess said premises for the construction of a sewer.  The evidence warrants the conclusion that the improvement in question conferred some benefit upon the premises assessed.

The transfer of title from J. and A. Ewing to plaintiff occurred Jan. 4, 1929.  J. and A. Ewing did not file any complaint in

writing with the county commissioners against the proposed improvement and assessment of said premises, and this fact is admitted by the plaintiff; nor did they appeal to the Probate Court from the conclusion reached by the commisisoners.

Failure to exhaust their statutory remedies would have estopped J. and A. Ewing from availing themselves of the provisions of §12075, GC. The plaintiff stands in no better position than his predecessor in title, and it is our conclusion that plaintiff is estopped to maintain his action for the relief sought herein, upon the authority of the case of Management & Investment Co. v Zmunt, 59 Fed. (2d) 663, the second syllabus of which is as follows:

"2. Landowner was not entitled to restrain collection of special assessments to pay for construction of improvements in sewer district because landowner's predecessor in title stood by and permitted improvements to be made without objection, notwithstanding they had actual notice of proceedings in time to contest them before board of county commissioners, as permitted, and notwithstanding they had knowledge that cost of improvements was assessable in part against property."

The injunction sought herein will be denied, and the petition of the plaintiff dismissed, at his costs.

WASHBURN, PJ, and FUNK, J, concur in judgment.