## WAGNER, et v MESSNER, et

Common Pleas Court. Logan Co

No 19903. Decided May 20, 1939

## OPINION

By ZUPP, J.

This is an action in equity which was instituted in this court to enjoin the County Auditor and other County officials from collecting certain assessments again real estate now owned by the plaintiffs.

The plaintiffs claim that the assessments referred to, arising from the creation of a Sanitary District in which their real estate is situate, amount to confiscation of their property, and, that there is no benefit to their property from the improvement complained of.

The defendants, in resisting the action, assert, as parts of their defense, that the plaintiffs and their predecessors in title never filed any objections to the assessments made on their lands; that they never appealed from the findings and orders of the defendants as provided by law, and have, therefore, waived all objections to said assessments.

The defendants further claim that the plaintiffs are estopped, because of their conduct and the conduct of their predecessors.

This action in equity was instituted by authority of §12075, GC, which refers to the authority of Courts to enjoin the illegal levy or collection of taxes and assessments. The Indian Lake Sewer District was created in 1929, under the provisions of §§6602-1 to 6602-9, GC. During the same year the district boundaries were modified. On July 29, 1929, a resolution was adopted by the Board of County Commissioners to proceed with the improvement in the modified district. On August 20, 1929, the Board adopted a resolution to issue bonds for the improvement and the final assess-

ments were approved and ordered certified to the auditor for collection. The plaintiffs admit that the proceedings by the Board of County Commissioners were regular in all respects.

This action was commenced November 5, 1937, by the plaintiffs herein.

The Court is deeply indebted to counsel for the manner in which this cause was submitted. The briefs are excellent and the attorneys have spared no effort in thoroughly investigating the law as it applies to the present situation.

The real estate of the plaintiffs is located within the present boundaries of the Sanitary District, and part of the complaint arises from the assessments made for the construction of a trunk sewer to within fifteen hundred feet of the community to be served. The property of the plaintiffs is situate in a small group of islands in Indian Lake, accessible by a State Highway over numerous bridges connecting the various islands. Strictly speaking, the real estate is considered as resort property, much of which is platted and improved, while a portion of the area remains unimproved and unplatted The bulk of the population occupies this particular region during the summer months when the problems of sanitation are perhaps most acute.

The Court is of the opinion that it is not within its province, in this cause, to inquire into the necessity of such a district or the improvements therein. The Boards of County Commissioners are authorized to establish such districts by law, when, in their opinion, circumstances justify such official action.

Evidence was introduced to establish the value of the real estate in this particular region. Such evidence would be essential in maintaining the contentions that the present assessments are confiscatory. The Court regrets that much of this evidence was unimpressive and of little weight, apparently inspired by the interests of the witnesses. However, the Court is of the opinion that

the property in question. as a whole, is valuable real estate, and is being constantly improved and occupied by people desirous of taking advantage of the recreation facilities of a resort community. Some of the real estate in this area is owned by the State of Ohio.

The plaintiffs in their briefs assert that

"we make no claim that the present assessment is confiscatory Let us again outline our claim: (a) There is no present benefit. (b) There is no potential benefit. Under (b) the argument of confiscation becomes important for the reason that no extension of the sewer can be made without confiscation of property."

On page 15 of plaintiff's reply brief we also find the following language:

"Let us repeat, the present assessments are not confiscatory, but the present assessment plus the additional assessment for the extension would be both confiscatory and in excess of the benefits conferred and under the statutes the above remedies would then be available, etc."

It is undisputed that at present no definite plans are in existence for the further extension of the sewage service in to this island community; no assessments are pending or about to be collected, except the present assessments originating from the construction of the trunk line, which counsel agree are not confiscatory. To further extend the sanitary project proceedings would have to be instituted wherein these plaintiffs could pursue their legal remedies and, if necessary and justified, seek the assistance of a Court of Equity. Tentative plans are in the possession of the sanitary engineer. but when full consideration is given to the present tendency of state and federal governments to assist in such projects by large grants of money; when one considers the fact that a portion of the real estate in this particular area is owned by

the state; then to consider the ultimate cost and method of payment for the extension of the project would be indulging in prophecy and speculation, an unimpressive foundation for equitable relief.

Plaintiffs claim that, despite the fact that the present assessments are not confiscatory, nevertheless, there is no benefit to the property of the plaintiffs. The briefs place special emphasis on the case of Falor v Mong, 47 Oh Ap 442, decided by the Court of Appeals of Summit County April 12, 1934 The Court in that instance decided:

"Where a Board of County Commissioners, acting under §6602-1, et seq., GC, causes an assessment to be levied upon real property to pay a part of the cost of the construction of a sewer, and from the nature of things there can be no benefit whatsoever, special or otherwise, from the proposed improvement to a particular tract of land assessed, §12075, GC, provides a concurrent remedy to the owner of the property sought to be assessed."

In Falor v Mong the Court of Appeals was confronted with the case of City of Cuyahoga Falls v Beck, 110 Oh St 82, in which the Supreme Court of Ohio, on April 8, 1924, decided:

"Under §3848, GC, a property owner objecting to a street assessment made according to benefits by a municipality must file his objection in writing with the clerk of the municipality within two weeks after the expiration of the notice given under §3895, GC. Where the property owner has received actual notice of the amount of the assessment, failure to file such written objection constitutes waiver of the right to question in a court of equity under §12075, GC, and this is true even though the assessments exceed 33 1-3% of the actual value of the lot or parcel of land in question after the improvement is made."

Mong, in 47 Oh Ap 442, had received

no notice of the proposed assessments: Beck in 110 Oh St 82, had received notice of the assessments as prescribed by law. The Court of Appeals of Summit County distinguished the Beck case from the Falor case pending before them. In Falor v Mong, we find in the opinion of the Court, page 445, the following language:

"This language shows that in that case (Beck case) there was some benefit to the property assessed, while herein we specifically find that there was no benefit whatsoever to the property assessed, and that fact makes the Beck case distinguishable from the case at bar."

"Moreover, in the Beck case there was actual service of notice upon the owner of the land assessed, while the statutory notice was given, it was not received by plaintiff, and he had no actual notice that the improvement was to be made, or that there was any claim that his property was to be benefitted, or that it was to be assessed to pay for any part of the improvement."

"The question presented, as we see it, is this: May a property owner, who had no actual notice of the improvement, maintain a suit for injunction, under §12075, GC, against an assessment levied upon his property for a sewer, where no benefit whatsoever was conferred upon his property by the improvement, and where, in the nature of things, there can be no benefits, special or otherwise, to his property from the proposed improvement, without first exhausting his remedy of objecting to the improvement and assessment under §6602-2, GC, and then appealing to the Probate Court as provided in §6602-3b?"

Again on page 447 we note the following language:

"May the property owner, then, who has no actual notice of the improvement, by his failure to observe certain mechanics by way of objection and ap-peal, vivify and make valid the act of the legislative body, which from its inception, never had any legal validity so far as the property in question was concerned? We think not."

In other words, notice and want of notice played an important part, both in Cuyahoga Falls v Beck and Falor v Mong. Neither case is of much assistance to the Court in determining whether or not the local property in the case at bar is benefitted. The question of benefits must resolve itself in each specific situation. where conditions, surroundings and values control, to a question of fact to be decided upon the evidence.

It is agreed by express stipulation that the original parties in interest, including also The Piqua Handle Company, predecessors of the present plaintiffs, had actual notice of the proposed improvement and assessments. Many of the plaintiffs did not appear in Court, but the Court is of the opinion that all owners of real estate at the time the assessments were made had notice. Stipulations to this effect appear in the record.

The present trunk sewer, now completed to within fifteen hundred feet of the area involved in these proceedings, is adequate and so located that it may be utilized in the future. Construction and improvement has covered a part of the territory within the Sanitary District, leaving the remainder for future disposition. The Court is of the opinion that it is competent to assess the whole district for the construction of trunk sewers. The Court is of the opinion, under the circumstances. that the lands in question, from their very nature, are specially benefitted.

The Court, in reaching its conclusions in this case, has borne constantly in mind the surrounding details, the consideration of which is essential when contemplating equitable relief. Fundamental of these circumstances are the following:

(a) No objection or complaint was made by the plaintiffs until years after the assessment was made;

(b) The present objections are made by parties who are successors to the original party in interest;

(c) The original parties in interest received notice and made no objection to the assessments;

(d) The original party in interest, The Piqua Handle Company, not only failed to object after receiving notice, but apparently was favorable toward the project.

Under all the circumstances presented by the record, the Court is of the opinion that equitable relief should be denied the plaintiffs This cause is therefore dismissed at plaintiffs' costs. Exceptions noted.

Authorities considered: **10 O. C. C. N. S. 522; 47 Oh Ap 442; 110 Oh St 82; 17 Abs 290;** Porcher v Frank, Cause No. 3044, Court of Appeals, Summit Co. **61 Oh Ap 180, 187.**

Gaylord v Village of Hudson, Cause No. 3080, Court of Appeals, Summit Co., etc. **61 Oh Ap 180, 187.**